# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM J. PASSARELLA, Jr., | : | CIVIL ACTION NO. 3:18-cv-0757 |
| Plaintiff | : | (Judge Munley) |
| v. | : | |
| NICK MENAPACE, *et al.*, | : | |
| Defendants | : | |

## MEMORANDUM

William J. Passarella, Jr. ("Plaintiff"), a state inmate in the custody of the Pennsylvania Department of Corrections incarcerated at the State Correctional Institution at Mahanoy ("SCI-Mahanoy") Frackville, Pennsylvania, filed the civil rights complaint on April 5, 2018, pursuant to 42 U.S.C. § 1983. (Doc. 1).

Plaintiff seeks to proceed *in forma pauperis*. (Docs. 2, 8). A federal court must dismiss a civil action filed *in forma pauperis* if the court determines that the complaint "fails to state a claim on which relief may be granted." 28 U.S.C. §1915(e)(2)(B)(ii). For the reasons set forth below, the Court concludes that the complaint is subject to dismissal pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

## I. Standards of Review

Under 28 U.S.C. § 1915A, federal district courts must "review ... a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). If a complaint fails to state a claim upon which relief may be granted, the court must dismiss the complaint. 28 U.S.C.

§ 1915A(b)(1). District courts have a similar screening obligation with respect to actions filed by prisoners proceeding *in forma pauperis* and prisoners challenging prison conditions. *See* 28 U.S.C. § 1915(e)(2)(B)(ii) (stating "[t]he court shall dismiss the case at any time if the court determines that ... the action or appeal ... fails to state a claim on which relief may be granted...."); 42 U.S.C. § 1997e(c)(1) (stating "[t]he Court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title ... by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action ... fails to state a claim upon which relief can be granted.").

In dismissing claims under §§ 1915(e), 1915A, and 1997e, district courts apply the standard governing motions to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. See, e.g., Smithson v. Koons, Civ. No. 15-01757, 2017 WL 3016165, at *3 (M.D. Pa. June 26, 2017) (stating "[t]he legal standard for dismissing a complaint for failure to state a claim under § 1915A(b)(1), § 1915(e)(2)(B)(ii), or § 1997e(c)(1) is the same as that for dismissing a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure."); Mitchell v. Dodrill, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010) (explaining that when dismissing a complaint pursuant to § 1915A, "a court employs the motion to dismiss standard set forth under Federal Rule of Civil Procedure 12(b)(6)"); Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999) (applying FED.R.CIV.P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)).

In rendering a decision on a motion to dismiss, a court should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Nami v. Fauver, 82 F.3d 63, 66 (3d Cir. 1996). The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff. See Phillips v. Cty of Allegheny, 515 F.3d 224, 229 (3d Cir. 2008). A district court ruling on a motion to dismiss may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007).

However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (stating "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

> Under the pleading regime established by [Bell Atl. Corp. v.] Twombly, 550 U.S. 544 (2007) and Iqbal, a court reviewing the sufficiency of a complaint must take three steps. First, it must "tak[e] note of the elements [the] plaintiff must plead to state a claim." Iqbal, 556 U.S. at 675, 129 S.Ct. 1937. Second, it should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679, 129 S.Ct. 1937. See also Burtch v. Milberg Factors, Inc., 662 F.3d 212, 224 (3d Cir. 2011) ("Mere restatements of the elements of a claim are not entitled to the

assumption of truth." (citation and editorial marks omitted)). Finally, "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679, 129 S.Ct. 1937.

Connelly v. Lane Const. Corp., 809 F.3d 780, 787–88 (3d Cir.2016) (internal citations, quotations and footnote omitted). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. Iqbal, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)). At the second step, the Court identities those allegations that, being merely conclusory, are not entitled to the presumption of truth. Twombly and Iqbal distinguish between legal conclusions, which are discounted in the analysis, and allegations of historical fact, which are assumed to be true even if "unrealistic or nonsensical," "chimerical," or "extravagantly fanciful." Iqbal, 556 U.S. at 681. Deciding whether a claim is plausible is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

## II.    Plaintiff's Complaint

Plaintiff alleges that between the dates of March 12, 2018, and March 23, 2018, he suffered mental stress and duress because prison officials rejected his visits with an approved female friend. (Doc. 1, p. 3). He alleges that when he questioned the reason for the rejection, Defendant Menapace asked if he had "something to confess" to him. (Id.) Plaintiff replied no. (Id.) He states that he was accused of perjury. (Id.) Further,

he received a "write-up" on March 20, 2018. (Id.) Following a March 23, 2018 hearing, he was found not guilty.

He states that he filed a grievance and is awaiting "outcome [of the] grievance process." (Id. at 4). He filed the instant complaint on April 5, 2018. (Id.)

### III. Discussion

The Prison Litigation Reform Act of 1996 (the "PLRA") "mandates that an inmate exhaust 'such administrative remedies as are available' before bringing suit to challenge prison conditions." Ross v. Blake, —U.S. —; 136 S. Ct. 1850, 1856 (2016); see Nyhuis v. Reno, 204 F.3d 65, 73 (3d Cir. 2000) ("[I]t is beyond the power of this court—or any other—to excuse compliance with the exhaustion requirement, whether on the ground of futility, inadequacy or any other basis."). The text "suggests no limits on an inmate's obligation to exhaust– irrespective of 'special circumstances.'" Id. "And that mandatory language means a court may not excuse a failure to exhaust, even to take such circumstances into account. See Miller v. French, 530 U.S. 327, 337, 120 S.Ct. 2246, 147 L.Ed.2d 326 (2000) (explaining that "[t]he mandatory 'shall' ... normally creates an obligation impervious to judicial discretion")." Id. at 1856-57.

Significantly, "the PLRA contains its own, textual exception to mandatory exhaustion," i.e. the PLRA requires exhaustion of "available" administrative remedies. Id. at 1858. "Available" is defined as "capable of use for the accomplishment of a purpose" and that which "is accessible or may be obtained." Id. at 1858-59, quoting Booth v. Churner, 532 U.S. 731, 737-38 (2001). There are three instances in which

administrative remedies are unavailable. "First, as Booth made clear, an administrative procedure is unavailable when (despite what regulations or guidance materials may promise) it operates as a simple dead end–with officers unable or consistently unwilling to provide relief to aggrieved inmates." Id. at 1859. "Next an administrative scheme might be so opaque that it becomes, practically speaking, incapable of use." Id. Finally, administrative remedies are unavailable "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." Id.

While the exhaustion requirement is an affirmative defense that must be pleaded and proven by the defendants, and while a prisoner need not allege that he has exhausted his administrative remedies, Jones, 549 U.S. at 216, the Court may *sua sponte* dismiss an action where the Plaintiff's failure to exhaust is clear on the face of the complaint. See Booth, 532 U.S. 731 (affirming *sua sponte* dismissal where prisoner plaintiff conceded that he did not exhaust administrative remedies); Ray v. Kertes, 285 F.3d 287, 293 n.5 (3d Cir. 2002).

Here, Plaintiff admits on the face of his complaint that he did not exhaust his administrative remedies prior to filing the instant action. Specifically, Plaintiff alleges that he is awaiting the outcome of the grievance procedure. (Doc. 1, p.4). Because the PLRA requires exhaustion prior to the initiation of Plaintiff's claims in federal court and because this Court cannot excuse compliance with those requirements, *sua sponte* dismissal of this action is appropriate.

## IV. Conclusion

For the foregoing reasons, Plaintiff's motions for leave to proceed *in forma pauperis* (Docs. 2, 6), will be granted and Plaintiff's complaint (Doc. 1), will be dismissed without prejudice.

An appropriate Order follows.

                                    **BY THE COURT:**

                                    **s/James M. Munley**
                                    **JUDGE JAMES M. MUNLEY**
                                    **United States District Court**

**Dated:** September 5, 2018